UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CANDACE MACK**<br>    **Plaintiff** | : | Case Number |
| | : | |
| vs. | : | **CIVIL COMPLAINT** |
| | : | |
| **TRANS UNION, LLC**<br>    **&**<br>**EQUIFAX INFORMATION**<br>**SERVICES, LLC**<br>    **&**<br>**EXPERIAN INFORMATION**<br>**SOLUTIONS, INC.**<br>    **&**<br>**BANK OF AMERICA**<br>**CORPORATION**<br>    **&**<br>**CHASE CARD SERVICES**<br>    **&**<br>**PERFECTION**<br>**COLLECTION, LLC**<br>    **Defendants** | :<br><br>:<br><br>:<br><br>:<br><br>:<br><br>:<br><br>:<br><br>:<br><br>:<br>: | <br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Candace Mack, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1.    Plaintiff, Candace Mack, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Credit Reporting Act, Fair Debt Collection Practices Act and the Fair Credit Billing Act, as well as for relief from Defamation of Character.

1

## II. JURISDICTION & VENUE

2.Jurisdiction of this Court arises under 15. U.S.C. § 1681p and 28 U.S.C. §1337.

3.Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4.Plaintiff, Candace Mack (hereinafter referred to as "Plaintiff") is an adult natural person residing at 60 Laird Street, Reading, Pennsylvania 19609.

5.Defendant, Trans Union, LLC (hereafter, Defendant Trans Union), at all times hereto, is and was a limited liability company engaged in the business of nationwide consumer reporting with a principal office located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

6.Defendant, Equifax Information Services, LLC (hereinafter referred to as "Defendant Equifax"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with an address of 1550 Peachtree Street Northeast, Atlanta, Georgia 30309.

7.Defendant, Experian Information Solutions, Inc. (hereinafter referred to as "Defendant Experian"), at all times relevant hereto, is and was a corporation engaged in the business of nationwide consumer reporting with an address of 955 American Lane, Schaumburg, Illinois 60173.

8.Defendant, Bank of America Corporation (hereinafter referred to as "Defendant BOA"), at all times relevant hereto, is and was a corporation engaged in the business of consumer lending with an address of 100 North Tryon Street, Charlotte, North Carolina 28255.

9.Defendant, Chase Card Services (hereinafter referred to as "Defendant Chase"), at all times relevant hereto, is and was a company engaged in the business of consumer lending with an address of 270 Park Avenue, New York, New York 10017.

10. Defendant, Perfection Collection, LLC (hereinafter referred to as "Defendant Perfection"), at all times relevant hereto, is and was a limited liability company engaged in the business of consumer debt collection with an address of 313 East 1200 South Suite 102, Orem, Utah 84058.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff initiated service with Vivint, a home security provider, whereupon the Plaintiff paid monthly service charges.

12. After fulfilling the contract terms and dealing with faulty equipment, Plaintiff cancelled service with Vivint.

13. At the time of such cancellation, Plaintiff owed no balance.

14. Defendant Perfection, as an agent for Vivint, is reporting and attempting to collect $727, an amount not authorized by the agreement creating the alleged debt with Vivint nor permitted by law.

15. In fact, Defendant Perfection has been inaccurately furnishing credit data on Plaintiff's credit reports as published by Defendants Trans Union and Experian regarding alleged account numbered 11992**.

16. The information furnished by Defendant Perfection and published by Defendants Trans Union and Experian is inaccurate and completely unsubstantiated in that the account balance has been consistently reported in a way which is factually incorrect, unsubstantiated, and materially misleading.

17. Plaintiff disputed a charge with Defendant Chase from Champs for $96.98 dated December 4, 2016.

18. On or about February 17, 2017, Defendant Chase sent correspondence indicating they would consider the transaction valid.

19. On or about August 17, 2017, Defendant Chase sent correspondence indicating that they would consider a $237 charge from Wawa on June 15, 2017 and a $158.58 charge from Sunoco on June 20, 2017 valid despite Plaintiff's fraud dispute.

20. On or about September 8, 2017, Defendant Chase sent correspondence indicating that they would consider a $237 charge from Wawa on June 21, 2017 and a $164.98 charge from Redner's on June 18, 2017 valid despite Plaintiff's fraud dispute.

21. On or about September 9, 2017, Defendant Chase sent correspondence indicating that they would consider a $191.20 charge from West Lawn Beverage on June 18, 2017 valid despite Plaintiff's fraud dispute.

22. On September 11, 2017, Plaintiff disputed with Defendant Chase charges totaling over $3,000 from Family Dollar, Wal Mart, Speed Way, West Lawn Beverage, Redner's, Wawa and Sunoco from June 15, 2017 to June 21, 2017 on the basis that the transactions were fraudulent.

23. On September 15, 2017, Plaintiff disputed with Defendant Chase charges totaling over $800 from Wawa, Redner's, and Sunoco from March 30, 2017 to June 20, 2017 on the basis that the transactions were fraudulent.

24. On September 17, 2017, despite Plaintiff's valid fraud dispute, Defendant Chase sent correspondence indicating that they would consider the transactions valid from Family Dollar, Metro Taxicab, Speedway, Sunoco, Redner's, Wawa, Sheetz and Turkey Hill from July 16, 2017 to July 20, 2017 and totaling over $3,000.

25. On October 9, 2017, Plaintiff filed a Police Report as to the aforementioned fraud.

26. After Plaintiff filed the police report with Spring Township Police Dept. and provided them with contact phone numbers for Defendant Chase, the investigating officer called and informed the Plaintiff that Defendant Chase had stated they would not be holding her liable for any of the reported fraudulent transactions.

27. Defendant Chase, however, continues to hold Plaintiff liable for the reported fraudulent transactions.

28. In fact, Defendant Chase has been inaccurately furnishing credit data on Plaintiff's credit reports as published by Defendants Trans Union, Experian and Equifax regarding alleged account numbered 464018212631****.

29. The information furnished by Defendant Chase and published by Defendants Trans Union, Experian and Equifax is inaccurate and completely unsubstantiated in that the account balances, past due balances and payment history have all been consistently reported in a way which is factually incorrect, unsubstantiated, and materially misleading.

30. On or about August 8, 2017, Defendant BOA received a call from Plaintiff indicating that 37 transactions totaling $5,212 were fraudulent.

31. On or about September 13, 2017, Defendant BOA denied Plaintiff's above-referenced claim and advised her that she would be liable for these fraudulent transactions.

32. On September 18, 2017, Plaintiff called Defendant BOA and indicated that she did not agree with the above-mentioned denial and requested the claim be reconsidered.

33. On or about August 21, 2017, a claim was initiated by Plaintiff by phone with Defendant BOA for 18 fraudulent transactions totaling $3,046.60.

34. On or about September 15, 2017, Defendant BOA denied Plaintiff's above-referenced claim and advised her that she would be liable for these fraudulent transactions.

5

35. On or about September 4, 2017, a claim was initiated by Plaintiff by phone with Defendant BOA for 18 fraudulent transactions totaling $3034.51.

36. On or about October 20, 2017, Defendant BOA denied Plaintiff's above-referenced claim and advised her that she would be liable for these fraudulent transactions.

37. On or about September 15, 2017, Defendant BOA sent two pieces of correspondence to Plaintiff indicating that they would consider fraudulent transactions totaling over $1,600 from Renders, Rite Aid, Sunoco, Target, Wawa and Speedway from August 18, 2017 to August 21, 2017 valid despite Plaintiff's dispute.

38. On or about September 22, 2017, a claim was initiated with Defendant BOA by Plaintiff for 4 fraudulent transactions totaling $432.21.

39. On or about October 4, 2017, Defendant BOA denied Plaintiff's above-referenced claim and advised her that she would be liable for these fraudulent transactions.

40. On or about October 8, 2017, a claim was initiated with Defendant BOA by Plaintiff for 14 fraudulent transactions totaling $2015.42.

41. On or about October 20, 2017, Defendant BOA denied Plaintiff's above-referenced claim and advised her that she would be liable for these fraudulent transactions.

42. Plaintiff filed a complaint with the Consumer Financial Protection Bureau as to Defendant BOA's conduct.

43. Defendant BOA responded to the Complaint by allegedly reinvestigating Plaintiff's fraud claims.

44. On or about November 7, 2017, Defendant BOA advised Plaintiff that they ultimately would not change their decisions, and that she would be liable for these fraudulent transactions.

45. On October 9, 2017, Plaintiff filed a Police Report as to the aforementioned fraud.

46. After Plaintiff filed the police report with Spring Township Police Dept. and provided them with contact phone numbers for Defendant BOA, the investigating officer called and informed the Plaintiff that Defendant BOA had stated they would not be holding her liable for any of the reported fraudulent transactions.

47. Defendant BOA, however, continues to hold Plaintiff liable for the reported fraudulent transactions.

48. In fact, Defendant BOA has been inaccurately furnishing credit data on Plaintiff's credit reports as published by Defendants Trans Union, Experian and Equifax regarding alleged account numbered 552433505990****.

49. The information furnished by Defendant BOA and published by Defendants Trans Union, Experian and Equifax is inaccurate and completely unsubstantiated in that the account balances, past due balances and payment history have all been consistently reported in a way which is factually incorrect, unsubstantiated, and materially misleading.

50. Defendants have been reporting all of the aforementioned inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown to the present time.

51. On or about April 5, 2018, Plaintiff disputed the accuracy of the trade lines of Defendants BOA, Chase and Perfection with Defendants Trans Union, Experian and Equifax.

52. In her disputes, Plaintiff advised Defendants Trans Union, Experian and Equifax that their credit reporting as to this alleged account was inaccurate in that the account balances,

past due balances and payment history were being reported in a way which is factually incorrect and materially misleading.

53. Defendants Trans Union, Experian and Equifax acknowledged receipt of Plaintiff's disputes.

54. It is believed and therefore averred that Defendants Trans Union, Experian and Equifax notified Defendants BOA, Chase and Perfection of Plaintiff's disputes.

55. Plaintiff had spoken with Defendants BOA, Chase and Perfection regarding these issues many times with no success.

56. Notwithstanding Plaintiff's efforts, and following Plaintiff's disputes of April 5, 2018, Defendants Trans Union, Experian and Equifax sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

57. Defendants have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; nor (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes.

58. Despite Plaintiff's exhaustive efforts to date, Defendants nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

59. As of the date of the filing of this Complaint, Defendants BOA, Chase and Perfection continue to furnish credit data which is incorrect and materially misleading, and

Defendants Trans Union, Experian and Equifax's reporting of the above-referenced trade lines continues to be incorrect and materially misleading.

60. The Defendants acted with actual malice in willfully continuing to report incorrect and misleading information on Plaintiff's credit, knowing full well that other creditors were accessing the Plaintiff's credit report, all to the Plaintiff's detriment and loss.

61. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

62. As a result of Defendants' continued inaccurate credit reporting, Plaintiff's credit score has dropped substantially, thereby causing the Plaintiff to refrain from applying for additional credit.

63. As a result of Defendants' continued inaccurate credit reporting, Plaintiff's credit score has dropped substantially, thereby causing Plaintiff's existing credit grantors to raise the interest rate on Plaintiff's home equity line of credit and Plaintiff's overdraft line of credit.

64. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to, cellular telephone minutes, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

65. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

66. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

67. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information and of multiple inquiries appearing on Plaintiff's credit file.

### COUNT I – FCRA
*Plaintiff v. All Parties*

68. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

69. At all times pertinent hereto, Defendants Trans Union, Equifax and Experian were "consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681a (b) and (f).

70. At all times pertinent hereto, Defendants BOA, Chase and Perfection were "furnishers" within the meaning and context of the Fair Credit Reporting Act.

71. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

72. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a (d).

73. Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Trans Union, Equifax and Experian are liable to the Plaintiff for engaging in the following conduct:

(a) Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(b) Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(c) Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

(d) Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified; and

(e) Willfully and negligently failing to communicate that a disputed debt is disputed, in violation of 15 U.S.C. §1681e (8).

74. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants BOA, Chase and Perfection are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b).

75. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against said Defendants, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1681n;

...

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1681o; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II – FCBA

*Plaintiff v. Bank of America Corporation & Chase Card Services*

76. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

77. Defendants BOA and Chase continued to report the account balance on Plaintiff's credit report as if it were owed.

78. Plaintiff provided Defendants BOA and Chase with notice of this error in repeated letters and telephone calls.

79. Defendants BOA and Chase's continued reporting of these accounts constitutes an attempt to collect the alleged debts as if they had mailed Plaintiff a statement or bill.

80. Pursuant to 15 U.S.C. § 1666a, Defendants BOA and Chase are liable to the Plaintiff for reporting as delinquent to a third party a known erroneous and disputed balance.

81. The conduct of Defendants BOA and Chase was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants BOA and Chase are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE,** Plaintiff respectfully requests that this court enter judgment in her favor and against Defendants BOA and Chase for the following:

    a.    Actual damages;

    b.    Statutory damages;

    c.    Reasonable attorney's fees and costs of suit; and

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT III – FDCPA
*Plaintiff v. Perfection Collection, LLC*

82. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

83. At all times relevant hereto, Defendant Perfection was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a (5).

84. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§ 1692e (2): | Character, amount, or legal status of the alleged debt. |
| §§ 1692e (8): | Communicates false credit information |
| §§ 1692e (10): | Any false representation or deceptive means to collect a debt. |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

§§ 1692f (1):   Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant Perfection for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

### COUNT IV – DEFAMATION OF CHARACTER
*Plaintiff v. Trans Union, Equifax Information Services LLC & Experian Information Solutions Inc.*

85. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

86. Defendants have published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiff's credit history.

87. Defendants have published the inaccurate information each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnisher or other source.

88. The inaccurate information published by Defendants is false in that it inaccurately reflects Plaintiff's credit information, and paints Plaintiff in a false financial light.

89. Defendants have published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

90. The falsehoods within the trade lines of Defendants BOA, Chase and Perfection constitute falsehoods concerning Plaintiff's credit history.

91. Defendants knew or reasonably should have known that the information regarding the trade lines of Defendants BOA, Chase and Perfection which they have published and re-published on Plaintiff's credit reports are incorrect and false as Plaintiff has notified them of such.

92. Defendants continue to publish the false and negative information within the trade lines of Defendants BOA, Chase and Perfection on Plaintiff's credit history up through the present time.

93. Defendants knew that the information within the trade lines of Defendants BOA, Chase and Perfection on Plaintiff's credit report were false and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information.

94. The publications of the information within the trade lines of Defendants BOA, Chase and Perfection on Plaintiff's credit report constitute libel per se.

95. In addition, and despite the notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom said Defendants provide credit information concerning the Plaintiff.

96. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, said Defendants are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against the aforementioned Defendants for the following:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. An order directing the Defendants immediately and permanently delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: May 18, 2018**        BY: */s/Brent F. Vullings bfv8435*
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com